IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| | | | |
|---|---|---|---|
| DEAN RAMIREZ, | : | Civil Case | 1:08 CV 157 TC |
| Petitioner, | : | Criminal Cases | 1:03 CR 62 TC<br>1:03 CR 69 TC |
| vs. | : | | |
| UNITED STATES OF AMERICA, | : | ORDER AND MEMORANDUM DECISION DENYING AMENDED MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE | |
| Respondent. | | | |
| | | Chief Judge Tena Campbell | |

A jury found Petitioner Dean Ramirez guilty of two drug-trafficking charges and two charges of illegal possession of a firearm. The district judge sentenced Mr. Ramirez to thirty years imprisonment. Mr. Ramirez appealed his conviction to the Tenth Circuit Court of Appeals. The court affirmed Mr. Ramirez's conviction.[1]

Mr. Ramirez filed a motion to vacate his sentence under 28 U.S.C. § 2255. He then filed a motion to amend his petition, which the court granted but with the direction that "Mr. Ramirez must include all his grounds in the amended petition for relief including any grounds that he

---

[1] Because the Tenth Circuit's opinion gives a thorough discussion of the facts, see United States v. Ramirez, 479 F.3d 1229 (10th Cir. 2007), the court will not repeat them here except when necessary.

presented in his first petition[.]" (June 18, 2009 Order at 1-2 (Dkt. No. 29).)

Mr. Ramirez asserts three grounds in support of his amended petition. First, he contends that he received ineffective assistance of trial counsel as a result of numerous alleged errors by trial counsel: failing to seek suppression of wiretap evidence; failing to demand cross-examination of the confidential informant who provided information included in the affidavit supporting the wiretap application; failing to call witnesses; failing to cross-examine government witnesses; and failing to investigate. He next argues that his appellate counsel was ineffective because counsel did not assert that Mr. Ramirez had suffered a violation of his Confrontation Clause rights.

Mr. Ramirez's second ground for relief is that the government committed prosecutorial misconduct by withholding exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963), and by violating his Sixth Amendment Confrontation Clause rights as defined by Crawford v. Washington, 541 U.S. 36 (2004).

For his third ground, Mr. Ramirez argues that the trial court abused its discretion by relying on erroneous facts and "clearly erroneous assessment of the evidence."

After carefully reviewing Mr. Ramirez's amended petition and construing it liberally, the court concludes that Mr. Ramirez is not entitled to relief.

**ANALYSIS**

**1.   Ineffective Assistance of Counsel**

To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that his counsel's deficient performance prejudiced him.

Strickland v. Washington, 466 U.S. 668, 687 (1984).  To prove that counsel's performance was deficient, a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Id.  Furthermore, the defendant must show that counsel's performance fell below an objective standard of reasonableness.  Id. at 688.  "Judicial scrutiny of counsel's performance must be highly deferential."  Id. at 689.  "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  Id. at 690.

To establish prejudice under Strickland, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694.  But "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . .  If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed."  Strickland, 466 U.S. at 697.

Mr. Ramirez's claims are difficult to analyze because Mr. Ramirez has failed to provide any factual support.  For example, Mr. Ramirez does not identify what witnesses he contends his attorney failed to call or to cross-examine, what evidence the district court wrongly assessed and what investigation his attorney failed to do.  But despite Mr. Ramirez's lack of specificity, it is clear that many of his assertions are simply wrong.  The record shows that his attorney did, contrary to Mr. Ramirez's claim, challenge the wiretap.  His attorney filed a motion to suppress

the wiretap evidence and a supporting memorandum, he argued the motion, and the court denied it.  (See United States v. Ramirez, Case No. 1:03-CR-62 (D. Utah), Dkt. Nos. 89, 90, 149.)  Mr. Ramirez's appellate counsel raised the denial of the motion on appeal, and the Tenth Circuit Court of Appeals affirmed, in a lengthy discussion, the denial of the motion to suppress.  United States v. Ramirez, 479 F.3d 1229, 1239-42 (10th Cir. 2007).

Mr. Ramirez also maintains that his trial counsel was ineffective for failing to insist that the government disclose the identity of the confidential informant who provided information in the wiretap applications so that the informant could be cross-examined.  He further contends that his appellate counsel was ineffective for failing to raise the issue on appeal.  Mr. Ramirez, citing Crawford v. Washington, 541 U.S. 36 (2004), appears to argue that these alleged failures violated his rights under the Confrontation Clause.

Mr. Ramirez does not cite to the record or (understandably) explain how the identity of a confidential informant was necessary to his defense.  Special Agent John Barrett was the affiant for the application for the Ramirez wiretap; in his affidavit he relates information he received from two confidential informants.  (Sealed Aff. of John Barrett, dated Feb. 13, 2003, in Sealed Misc. Matter Nos. 2:03-MC-29, 2:03-MC-49 (D. Utah).)

After having examined Special Agent Barrett's affidavit and the relevant case law, the court concludes that Mr. Ramirez's trial counsel was not ineffective for failing to file such a motion and his appellate counsel was not ineffective for not raising the issue on appeal. Moreover, there is nothing in the record indicating that Mr. Ramirez suffered any prejudice from not having the motion filed.

"There is no binding precedent from the Supreme Court or this court concerning whether Crawford applies to pretrial suppression hearings." United States v. Garcia, 324 Fed. Appx. 705, 708 (10th Cir. 2009) (unpublished decision). In Garcia, the Tenth Circuit court analyzed the limited case law from other jurisdictions, noting that those courts that had reached the issue had decided that Crawford did not apply. Id. at 708-09. The Garcia court then concluded that a district court who heard hearsay testimony at a suppression hearing had not committed plain error: "[W]e cannot conclude that any error by the district court in failing to apply Crawford in Mr. Garcia's suppression hearing is 'clear or obvious under current, well-settled law.'" Id. at 709 (internal citations omitted).

The Supreme Court in Roviaro v. United States, 353 U.S. 53 (1957), recognized the public's interest in effective law enforcement and so it created a privilege that allows the government to withhold the identity of informants. See United States v. Mendoza-Salgado, 964 F.2d 993, 1000 (10th Cir. 1992) (citing Roviaro, 353 U.S. at 59). The Court set out a balancing test under which courts must weigh the public interest against a defendant's right to prepare a defense. Id. The burden is on the defendant to come forward with evidence establishing that the Roviaro factors weigh in favor of disclosure. United States v. Blevins, 960 F.2d 1252, 1258-59 (4th Cir. 1992).

Mr. Ramirez has not identified why the disclosure of the confidential informant's identity would have aided his defense. The court cannot guess or speculate about those reasons.

Mr. Ramirez's argument that his attorney did not cross-examine witnesses or present evidence on his behalf is not correct. Once again, Mr. Ramirez does not identify which witnesses

his attorney failed to cross-examine and what specific evidence his attorney should have, but did not, present.  But even a cursory review of the trial transcript shows that his attorney vigorously cross-examined witnesses and, at the close of the government's case, presented evidence that Mr. Ramirez ran a legitimate car repair business.

**2.      Prosecutorial Misconduct**

Mr. Ramirez's second claim in support of his amended petition is also without merit.  In his second claim, Mr. Ramirez argues that the government engaged in prosecutorial misconduct by withholding critical, exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963).  He also, again, claims a violation of Crawford because of the government's failure to disclose the identity of the confidential informant.  Mr. Ramirez does not identify the evidence the government allegedly withheld.  The court has already found Mr. Ramirez's claim concerning disclosure of the identity of a confidential informant unpersuasive.  And as far as his claim of a Brady violation, Mr. Ramirez's failure to identify what evidence was withheld makes it impossible for the court to consider the argument.

**3.      Consideration of Evidence Supporting Wiretaps**

In his third and final claim, Mr. Ramirez appears to argue that the trial court erroneously considered the evidence supporting the issuance of the wiretaps.  Mr. Ramirez raised the issue of the wiretap order on direct appeal, and the Tenth Circuit affirmed the trial court.  See Ramirez, 479 F.3d at 1239-42.  Accordingly, Mr. Ramirez is barred from raising this issue again.  United States v. Nolan, 571 F.2d 528, 530 (10th Cir. 1978).

**ORDER**

For the above reasons, Mr. Ramirez's Amended Petition (Dkt. No. 30) is DISMISSED.[2]

DATED this 9th day of February, 2010.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge

---

[2] Because the record and the files in this case make it clear that Mr. Ramirez is not entitled to relief, the court denies his motion for an evidentiary hearing.